IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02010-PAB-KLM

BRENT EDWARD LOVETT,

      Plaintiff,

v.

TAMMY RUDA, individually and officially as Food Service Supervisor,
SAINT, individually and officially as Corrections Officer,
BOILING, individually and officially as Corrections Officer,
HARRISON, individually and officially as Corrections Officer,
THOMAS, individually and officially as Corrections Officer,
VERSAW, individually and officially as Corrections Officer,
MCCLENNON, individually and officially as Corrections Officer, and
PENA, individually and officially as Corrections Officer,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of the United States

Magistrate Judge [Docket No. 50] filed on August 17, 2018. The magistrate judge

recommends that the Court grant in part and deny in part defendants' motion to dismiss

plaintiff's second amended complaint. Plaintiff filed a timely objection to the magistrate

judge's recommendation on September 6, 2018. Docket No. 52.[1] Defendants filed a

---

[1]The objection was filed more than fourteen days after the magistrate judge
issued the report and recommendation. *See* Fed. R. Civ. P. 72(b)(2) (requiring
objections to a magistrate judge's recommendation to be filed within fourteen days after
service of the recommended disposition). However, plaintiff deposited his objection in
the prison's legal mail system on August 31, 2018. Docket No. 52 at 35. With
application of the prison mailbox rule, *see United States v. Rice*, 594 F. App'x 481, 484
(10th Cir. 2014) (unpublished), plaintiff's objection is timely.

response to the objection on September 20, 2018.  Docket No. 54.

## I. BACKGROUND[2]

Plaintiff is a federal prisoner at the Florence Prison Camp ("FPC") in Florence, Colorado.  Docket No. 13 at 2.  Plaintiff has celiac disease.  *Id.* at 4.  He brings this lawsuit against Food Service Supervisor Tammy Ruda and several correctional officers, alleging that defendants violated his constitutional and statutory rights by failing to provide him with an adequate gluten-free diet at FPC.  *See id.* at 4-7, 17-20.  In his second amended complaint, plaintiff asserts claims for (1) deliberate indifference under the Eighth Amendment; (2) denial of equal protection under the Fourteenth Amendment;[3] (3) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (4) retaliation under the First Amendment.  Docket No. 13 at 17-20.  Plaintiff appears to assert all of his claims against all of the defendants in their individual and official capacities.  On January 29, 2018, defendants filed a motion to dismiss the second amended complaint arguing that (1) the Court should not imply a *Bivens* remedy for plaintiff's constitutional claims; (2) defendants are entitled to qualified immunity because plaintiff has failed to demonstrate a constitutional violation; (3) plaintiff has failed to assert a basis for the Court's jurisdiction over any official capacity claims; and (4) plaintiff's First and Fourteenth Amendment claims against defendants

---

[2]The allegations asserted in plaintiff's second amended complaint, Docket No. 13, are taken as true for purposes of this motion to dismiss.

[3]Although plaintiff characterizes his Equal Protection claims as being brought under the Fourteenth Amendment, the equal protection guarantee applies to the federal government "through the Fifth Amendment's Due Process Clause."  *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 n.3 (10th Cir. 2016).

Saint, Boling, and Ruda are barred, in whole or in part, by the applicable two-year statute of limitations. *See* Docket No. 32.[4]

On August 17, 2018, the magistrate judge recommended that the following claims be dismissed with prejudice: (1) plaintiff's ADA claims against all defendants in their official capacities and against all defendants except for defendant Thomas in their individual capacities; (2) plaintiff's Equal Protection claims against all defendants in their official capacities and against all defendants, except for defendant Thomas, in their individual capacities; (3) plaintiff's First Amendment claims against all defendants ,except for defendant Ruda, in their official capacities and against all defendants, except for defendant Thomas, in their individual capacities; (4) plaintiff's Eighth Amendment claims against defendants Boling and Saint in their individual and official capacities to the extent that those claims are based on injuries other than sigmoid diverticulosis stemming from conduct occurring before August 21, 2015; (5) plaintiff's Eighth Amendment claims against defendants Harrison, McClendon, Versaw, Pena, and Boling in their individual capacities; and (6) plaintiff's Eighth Amendment claims against defendants Saint and Ruda in their individual capacities to the extent that those claims are not based on plaintiff's sigmoid diverticulosis. *See* Docket No. 50; *see also* Docket No. 54-1 (defendants' summary of recommended disposition).[5] The magistrate

_____

[4]Defendants' motion to dismiss does not specifically address plaintiff's claim under the ADA.

[5]The magistrate judge noted in the recommendation that the names of defendants Boling and McClendon were incorrectly spelled in the second amended complaint. *See* Docket No. 50 at 2 n.3-4. Like the magistrate judge, the Court will use the correct spellings of defendants' names throughout this order.

judge further recommended that the following claims be dismissed without prejudice: (1) all claims against defendant Thomas in her individual capacity; (2) plaintiff's Eighth Amendment claims against defendants Ruda and Saint in their individual capacities to the extent that those claims are based on plaintiff's diagnosed sigmoid diverticulosis; and (3) plaintiff's Eighth Amendment claims against defendants Harrison, Thomas, McClendon, Versaw, Pena, and Boling in their official capacities to the extent that such claims are not based on allegations that defendants failed to feed plaintiff for two days in a row on more than one occasion. *See* Docket No. 50 at 32-45, 65-66. Finally, the magistrate judge recommended that plaintiff be permitted another opportunity to amend his Eighth Amendment claims. *See* Docket No. 50 at 65-66.

## II. STANDARD OF REVIEW

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

In the absence of a proper objection, the Court reviews the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record."[6] Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Because plaintiff is proceeding *pro se*, the Court will construe his objection and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d

---

[6]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS[7]

### A.  Individual-Capacity Claims Against Defendant Thomas

The magistrate judge recommended dismissal of all claims against defendant

Thomas in her individual capacity because defendant Thomas has not yet been served

with the complaint.  *See* Docket No. 50 at 8-10.[8]  In his objection to the magistrate

judge's recommendation, plaintiff requests an extension of time so that pro bono

counsel can locate defendant Thomas.  *See* Docket No. 52 at 7.  On August 16, 2018,

the magistrate judge entered an order appointing pro bono counsel.  Docket No. 49.

Since that time, however, no attorney has entered an appearance on plaintiff's behalf.

There is no guarantee that an attorney from the Civil Pro Bono Panel will undertake

representation of plaintiff in this case, and the Court declines to extend the deadline for

service of process until some unspecified date while plaintiff awaits pro bono

appointment.  Moreover, plaintiff has provided no explanation for his failure to respond

to the magistrate judge's order to show cause entered on January 31, 2018.  Docket

No. 37.  The magistrate judge's order specifically warned plaintiff that the failure to

"respond and show good cause for Plaintiff's failure to properly serve" defendant

_____

[7]Plaintiff requests an evidentiary hearing to address the issues raised in his objection.  Because defendants' motion to dismiss must be resolved based on the allegations asserted in plaintiff's second amended complaint, plaintiff's request will be denied.

[8]The magistrate judge determined that dismissal of plaintiff's official-capacity claims against defendant Thomas would not be appropriate because defense counsel clarified on January 29, 2018 that she represented defendant Thomas in her official capacity.  *See* Docket No. 50 at 9.

Thomas would result in the magistrate judge "issuing a recommendation to dismiss Plaintiff's action as to Defendant Thomas." *Id.* at 2. Given that plaintiff failed to comply with the magistrate judge's order, the Court finds no basis on which to grant him an extension of time to perfect service on defendant Thomas. Plaintiff's objection as to this issue is therefore overruled.

### B. ADA Claim

The magistrate judge *sua sponte* recommended dismissal of plaintiff's ADA claim under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that Title II of the ADA does not apply to prisoners in federal correctional facilities. *See* Docket No. 50 at 10; *see also Phillips v. Tiona*, 508 F. App'x 737, 752 (10th Cir. 2013) (unpublished). Plaintiff does not challenge this finding. *See* Docket No. 52 at 8. Instead, he argues that the Court should liberally construe his claim as being brought pursuant to §§ 504, 701, and 794(a) of the Rehabilitation Act. *See id.* The Court declines to do so. While the Court must construe plaintiff's filings liberally, *see Hall*, 935 F.2d at 1110, it will not act as his advocate or construct legal theories on his behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). Plaintiff makes only one allegation in his complaint that would have put defendants on notice that he was asserting a disability-related claim. *See* Docket No. 13 at 19. That allegation clearly invokes the ADA as the basis for relief. *See id.* The Court has found no other indication that plaintiff intended to pursue a claim under the Rehabilitation Act. Accordingly, the magistrate judge's recommendation that the Court dismiss plaintiff's ADA claim is accepted and plaintiff's objection is overruled.

## C.  Timeliness of Claims Against Boling, Saint, and Ruda

The magistrate judge found that plaintiff's First and Fourteenth Amendment claims against defendants Boling and Saint are time-barred under the applicable two-year statute of limitations, that the same claims against defendant Ruda are time-barred to the extent that they are based on conduct occurring before August 21, 2015, and that plaintiff's Eighth Amendment claims against all three defendants are time-barred to the extent that they are based on injuries other than sigmoid diverticulosis.  *See* Docket No. 50 at 11.  Plaintiff appears to raise four arguments in response to the magistrate judge's findings: (1) plaintiff has provided a detailed account of the "infliction of pain to his body and mind" leading up to his injury in August 2015; (2) he is entitled to equitable tolling; (3) the claims accrued on the date that plaintiff learned of his injury, which is within the two-year limitations period; and (4) the magistrate judge's recommendation is inconsistent with the finding that plaintiff's injury fell within the two-year limitations period.  Docket No. 52 at 9-10.

Plaintiff's first argument is unavailing because it does not address the magistrate judge's determination that plaintiff has not alleged any facts showing that defendants Boling and Saint engaged in unconstitutional conduct during the limitations period.  *See* Docket No. 50 at 11-12.  As for plaintiff's second argument, there is no indication that this case involves the type of "extraordinary circumstances" that would warrant equitable tolling.  In *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006), the sole case upon which plaintiff relies, the Tenth Circuit declined to rule out the possibility of equitable tolling where the plaintiff's claims accrued at or near the beginning of a three-

year period of administrative segregation in which plaintiff was kept in his cell "23 hours a day for 5 days each week and 24 hours the other two days with no access to . . . law library clerks or prison lawyers." *Id.* at 1258-59. No such circumstances are present in this case.

Plaintiff next contends that the statute of limitations began to run on the date he knew of his injury. *See* Docket No. 52 at 9-10. He suggests that the magistrate judge's recommendation of dismissal is inconsistent with the finding that his sigmoid diverticulosis was diagnosed within the two-year limitations period. *Id.* The Court agrees, but finds that this fact weighs in favor of dismissal. As indicated in the magistrate judge's recommendation, a plaintiff's claims accrue on the date that he knows or has reason to know of "facts that would support a cause of action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotation marks omitted); *see also Vasquez v. Davis*, 882 F.3d 1270, 1276 (10th Cir. 2018) (finding that claims accrued "when [the plaintiff] had a complete and present cause of action; that is, when he could have filed suit and obtained relief"). Under this rule, the statute of limitations on plaintiff's Eighth Amendment claims began to run when defendants' "deliberate indifference caused [plaintiff] substantial harm, even [if] the full extent of the injury [was] not then known or predictable." *Vasquez*, 882 F.3d at 1276; *see also Bauer v. City & Cty. of Denver*, 642 F. App'x 920, 924 (10th Cir. 2016) (unpublished) (finding that Eighth Amendment claim accrued when defendants were deliberately indifferent to plaintiff's medical needs, not when plaintiff's foot was ultimately amputated).

The magistrate judge found that plaintiff's Eighth Amendment claims against

defendants Saint, Boling, and Ruda were not time-barred to the extent that they were based on plaintiff's sigmoid diverticulosis, which was formally diagnosed on September 4, 2015.  *See* Docket No. 50 at 12-13; *see also* Docket No. 13 at 11-12.  However, plaintiff's allegations demonstrate that he was aware that defendants' deliberate indifference had caused him substantial harm before that date.  *See, e.g.*, Docket No. 13 at 8 (describing informal grievance form, filed on March 16, 2015, which stated that the "staff ha[d] acted with deliberate indifference to [plaintiff's] medical condition which ha[d] resulted in substantial and serious harm, danger to health and loss of weight").  Accordingly, any claims based on plaintiff's sigmoid diverticulosis are also time-barred insofar as they depend on conduct occurring outside of the limitations period.  *See Vasquez*, 882 F.3d at 1276.  The magistrate judge's recommendation on this issue is rejected in part.

### D.  Equal Protection Claims

The magistrate judge recommended that the Court dismiss plaintiff's Equal Protection claims against all defendants in their individual and official capacities for failure to plead facts demonstrating that plaintiff was treated differently from other, similarly situated inmates.  *See* Docket No. 50 at 14; *see also Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003) (stating that an equal protection claim requires a showing that the plaintiff was "treated differently from others who were similarly situated to him").  In his objection, plaintiff argues that the magistrate judge "misse[d] the point" of his claim, which is that plaintiff was treated differently from other inmates who were entitled to "special meals."  Docket No. 52 at 11-12.  Additionally,

plaintiff suggests that he was treated differently from gluten-free inmates at other prisons on the Federal Correctional Complex.  *Id.* at 12.  As to plaintiff's first argument, the magistrate judge correctly found that plaintiff's Equal Protection claim is based primarily on conclusory allegations that plaintiff was "similarly situated to prisoners who were adequately fed."  Docket No. 50 at 14; *see also* Docket No. 13 at 19 (alleging that defendants deprived plaintiff of "the foods and fiber as was provided to all other similarly situated inmates").  At no point does the operative complaint compare plaintiff's experience to that of other inmates with special dietary needs at plaintiff's facility, and plaintiff cannot amend his complaint by making new factual allegations in response to defendants' motion to dismiss.  *Sudduth v. Citimortgage, Inc.*, 79 F. Supp. 3d 1193, 1199 n.3 (D. Colo. Jan. 28, 2015) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)).

To the extent plaintiff asserts that he was treated differently from inmates (those with gluten allergies or other dietary restrictions) at other prisons, *see* Docket No. 13 at 19 (alleging that "BOP Food Service Staff at all other prisons prepare special meals for a long list of needs"), plaintiff's allegations do not demonstrate that he was "similarly situated" to those inmates in all relevant respects.  *See Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (stating that a plaintiff asserting an Equal Protection claim must "make a threshold showing that he was treated differently from others who were similarly situated to him" (internal quotation marks and brackets omitted)); *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (affirming dismissal of prisoner's Equal Protection claim where it was "'clearly baseless' to claim that there

[were] other inmates who [were] similar in every relevant respect"); *Fausia v. Cates*, 2012 WL 781817, at *8 (C.D. Cal. Jan. 13, 2012) (collecting cases that hold, as a matter of law, inmates at different institutions are not similarly situated for purposes of an Equal Protection claim), *report and recommendation adopted by* 2012 WL 779341 (C.D. Cal. Mar. 8, 2012), *aff'd*, 520 F. App'x 541 (9th Cir. 2013) (unpublished). Accordingly, plaintiff has failed to assert a plausible Equal Protection claim. Plaintiff's objection to the recommended dismissal of his Equal Protection claim is overruled.[9]

### E.  First Amendment Official-Capacity Claims

The magistrate judge recommended that the Court dismiss plaintiff's First Amendment retaliation claims against defendants Harrison, Versaw, McClendon, Thomas, and Pena in their official capacities due to plaintiff's failure to allege facts demonstrating that defendants' actions were substantially motivated as a response to plaintiff's protected activity. Docket No. 50 at 16-21. Plaintiff makes several arguments in response to the recommendation. First, he contends that he is not required to "prove every facet of his case at the pleading stage" and has asserted sufficient facts to show that "discovery will reveal evidence to support the allegation[s]." Docket No. 52 at 13-14. However, plaintiff misconstrues his burden at the pleading stage and the basis for the magistrate judge's recommendation. While it is true that plaintiff does not need to prove his case in order to survive a motion to dismiss, he is required to assert facts

---

[9]In his objection, plaintiff also characterizes his claims as "equal protection and due process" claims. *See* Docket No. 52 at 11. However, the complaint contains no allegations indicating that plaintiff is asserting a due process claim. Plaintiff may not amend his complaint by asserting new allegations in an objection under Fed. R. Civ. P. 72(b)(2).

establishing each essential element of his claims. The magistrate judge correctly applied this pleading burden in finding that plaintiff had failed to plausibly allege facts demonstrating the causation element of his retaliation claims. *See* Docket No. 50 at 17 (finding that "there are no allegations from which the Court can plausibly infer that Defendants Harrison, Thomas, Versaw, McClendon, or Pena knew of Plaintiff's various Inmate Requests to Staff or Trulincs submissions"). Plaintiff's assertions regarding the evidence that will be provided during discovery or revealed at trial are irrelevant to the question of whether plaintiff has satisfied his burden at the pleading stage. *See Jojola*, 55 F.3d at 494 ("[I]n determining whether to grant a motion to dismiss, the district court [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

Plaintiff claims that "he spoke with each named defendant after each time he filed each grievance concerning their actions." Docket No. 52 at 13. However, this allegation appears for the first time in plaintiff's objection to the magistrate judge's recommendation and thus has no bearing on the sufficiency of plaintiff's second amended complaint. *See Sudduth*, 79 F. Supp. 3d at 1199 n.3. Plaintiff does allege in his complaint that "[e]ach time [he] submitted a written Request to Staff . . . , [he] would suffer a strong adverse action from the Defendants." Docket No. 13 at 20. But, as defendants point out, this allegation fails to establish that defendants were aware of plaintiff's grievances. Docket No. 54 at 5; *see also Gambina v. Fed. Bureau of Prisons*, No. 10-cv-02376-MSK-KLM, 2011 WL 4502085, at *11 (D. Colo. Sept. 29, 2011) (noting that an essential element of a retaliation claims "is that the person engaging in the retaliatory action . . . have had foreknowledge of that protected activity").

Finally, plaintiff criticizes several specific statements in the magistrate judge's recommendation. *See* Docket No. 52 at 15-16. Plaintiff first takes issue with the magistrate judge's statement that the "Requests" discussed in § 1330.18 of the Bureau of Prisons' Program Statement Regarding the Administrative Remedy Program are, by definition, "formal Administrative Remedy Request[s] written on the BP-9 form." However, review of the Program Statement confirms that the magistrate judge is correct. Section 1130.18(5)(a)(1) of the Program Statement establishes that "Request" refers to Administrative Remedy Requests. *See* 28 C.F.R. § 542.11(a)(1). Section 1130.18(8)(a) further indicates that Administrative Remedy Requests are submitted on the BP-9 form. *See* 28 C.F.R. § 542.14(a). Plaintiff's citations to other BOP policies do not establish that the magistrate judge's reading of § 1330.18 is incorrect.

Plaintiff's second objection pertains to the magistrate judge's statement that the BP-9 grievance "was filed nearly five months before the statute of limitations cut-off in this case, thus foreclosing the possibility of any 'close temporal proximity.'" Docket No. 50 at 17-18. Plaintiff argues that the fact that he started the grievance process before the cut-off date does not shield "the entire process from the Courts review." Docket No. 52 at 15. The magistrate judge is correct, however, that plaintiff's claims can only be based on actions taken by defendants within the limitations period. Because there is a five-month period between the filing of the BP-9 grievance form and those actions for which defendants may be held liable, the magistrate judge correctly concluded that plaintiff's allegations fail to demonstrate the temporal proximity necessary to his retaliation claims. *See Lauck v. Campbell Cty.*, 627 F.3d 805, 815 (10th Cir. 2010) ("[O]ne cannot infer causation from temporal proximity alone when the time lapse

13

between the protected activity and the retaliatory act exceeds three months.").

Plaintiff next argues that his grievances referred to staff members by name because they "all contained the entire back-up of each and every written Request to Staff, which each either detail the Defendants name, or detailed the date and action which took place, which any investigation by the BOP would detail the exact person and only staff person working that date/time." Docket No. 52 at 15. But plaintiff does not point to any allegations in his complaint or exhibits filed in conjunction with his pleadings that would establish this fact. Moreover, the magistrate judge reviewed plaintiff's grievances and found that the majority of them did not "specify any staff member by name." Docket No. 50 at 18. As to the remaining grievances, the magistrate judge found that they lacked the necessary temporal proximity to defendants' alleged conduct to serve as a basis for plaintiff's retaliation claims. *See id.* at 19. Plaintiff argues that his "plethora of informal complaints . . . shows a direct pattern of conduct of the Defendants." Docket No. 52 at 15. But plaintiff cannot satisfy his pleading burden by asserting a "pattern of conduct" that is not specific to any defendant. *See Guy v. Lampert*, 2018 WL 4191400, at *1 (10th Cir. Aug. 31, 2018) (unpublished) ("To state a claim for retaliation in violation of his First Amendment rights, . . . [the plaintiff] was required to plead facts sufficient to establish that *each defendant's* adverse action was substantially motivated as a response to [the plaintiff's] exercise of constitutionally protected conduct." (internal quotation marks and brackets omitted) (emphasis added)).

In summary, plaintiff has given the Court no basis to reject the magistrate judge's recommendation that the First Amendment claims against defendants Harrison,

Versaw, McClendon, Thomas, and Pena be dismissed.

### F.  Eighth Amendment Official-Capacity Claims

The magistrate judge recommended dismissal of (1) plaintiff's Eighth
Amendment claims against defendants Harrison, Thomas, McClendon, and Versaw
except to the extent that those claims are based on allegations that defendants failed to
feed plaintiff for two days in a row on multiple occasions; and (2) plaintiff's claims
against defendants Pena and Boling in their entirety.  Docket No. 50 at 32-45.  The
magistrate judge determined that plaintiff's allegations failed to satisfy the subjective
component of the deliberate indifference standard with respect to those claims.  *See id.*

Plaintiff raises several objections to the magistrate judge's analysis and
conclusions.  First, plaintiff suggests that he was unable to include the requisite facts in
his second amended complaint because the magistrate judge limited plaintiff to thirty
pages.  *See* Docket No. 52 at 18.  But plaintiff does not identify the facts he would have
alleged had he been allowed to exceed thirty pages, and his statement that he intends
to disclose additional information during discovery is irrelevant to the sufficiency of his
allegations at the pleading stage.

Plaintiff next argues that "other allegations" demonstrate that defendants were
subjectively aware of a substantial risk of harm to plaintiff.  Docket No. 52 at 19.  He
proceeds to list several allegations, many of which were not included in the second
amended complaint.  *See id.*; Docket No. 54 at 6-7 (identifying allegations not asserted
in the second amended complaint).  The Court agrees with defendants that the Court
may not consider any allegations omitted from the complaint in resolving defendants'

motion to dismiss. To the extent that the allegations identified in plaintiff's objection do appear in the operative complaint, they are insufficient to demonstrate that defendants were subjectively aware of an excessive risk to plaintiff's health or safety. For example, plaintiff asserts that he wrote over fifty Requests to Staff concerning his lack of food and resulting injuries. However, as discussed above with respect to plaintiff's First Amendment claims, there is no indication that individual defendants were made aware of these grievances. Plaintiff also states that, on March 14, 2015 and April 8, 2016, he created "detailed briefs of what is Celiac's Disease," which he distributed to "each and every named defendant." Docket No. 52 at 19-20. But in his complaint, plaintiff asserted that he gave the March 14, 2015 brief to "each and every working BOP Food Service Staff member" and the April 8, 2016 brief to "all new staff members." Docket No. 13 at 7, 13. The magistrate judge correctly found that these allegations regarding "staff" were "too conclusory," given plaintiff's allegations "that the staff . . . frequently rotated." Docket No. 50 at 29-30.

Plaintiff also challenges the magistrate judge's use of a percentage-based test to determine whether defendants were subjectively aware that they were putting plaintiff at a substantial risk of harm by not feeding him. *See* Docket No. 52 at 21. Plaintiff first asserts that the magistrate judge erred by "giv[ing] each defendant credit for 100% of the time for their actions during this 278 days." Docket No. 52 at 22. While the meaning of this statement is not entirely clear, plaintiff appears to suggest that the magistrate judge should have calculated the percentage of meals denied by each defendant based on the number of days actually worked rather than on the 278-day date range applicable to all defendants. As an initial matter, the magistrate judge did

16

not use the 278-day date range to calculate the percentage for each defendant. Although she used 278 days for defendant Harrison, Docket No. 50 at 31, she used 94 days for defendant Thomas, 160 days for defendant McClendon, 135 days for defendant Versaw, and 168 days for defendant Pena. *See id.* at 34, 37, 40, 42. Additionally, to the extent that plaintiff suggests the magistrate judge should have based her calculations on the number of days actually worked, the Court disagrees. The purpose of the magistrate judge's inquiry was to determine "whether what each Defendant knew was enough to put that particular Defendant on notice that his or her actions (or inactions) were creating a substantial risk of serious harm to Plaintiff's health or safety." Docket No. 50 at 29. The percentages calculated by the magistrate judge thus served as a standardized means for analyzing whether the degree of deprivation known to a particular defendant would have given rise to a subjective awareness of a substantial risk of harm. A percentage-of-meals approach based on the number of days worked is not relevant to this determination because it would give no indication of a substantial risk. For example, if a defendant worked only one day during the relevant period but did not provide plaintiff with any food on that day, the resulting percentage would be one hundred percent. Under the cases cited by the magistrate judge, however, an inmate does not face a substantial risk of harm by being deprived of food for one day.[10]

Plaintiff's calculation of the total percentage of meals denied by defendants is

---

[10]As defendants point out in their response, there are no allegations in the second amended complaint regarding the actual number of days that staff members worked each week. *See* Docket No. 54 at 8.

similarly flawed.  *See* Docket No. 52 at 23.  Plaintiff states that defendants deprived plaintiff of meals for 104 out of the 278 days in the relevant time period, which is equal to 37.4% of meals.  *Id.*  As the magistrate judge found, however, plaintiff did not provide any allegations "that any one Defendant knew that any other Defendant was depriving Plaintiff of meals/nutrition."  Docket No. 50 at 29.  Accordingly, the total percentage of meals in which plaintiff was deprived of food does not correspond to the degree of deprivation of which each defendant was aware.  Plaintiff's objections to the magistrate judge's percentage-based analysis are therefore overruled.

In the final portion of his objection to the magistrate judge's recommendation on plaintiff's Eighth Amendment claims, plaintiff identifies a number of issues purportedly "raised by the court in error."  Docket No. 52 at 24.  Most of plaintiff's arguments in this section reiterate points already raised and rejected by the Court.  Plaintiff argues that his allegations detailing (1) his numerous Requests to Staff and (2) his efforts to provide "staff members" with information concerning his dietary needs are sufficient to demonstrate a plausible Eighth Amendment claim.  *See* Docket No. 52 at 24-25.  As discussed above, however, the former allegations do not demonstrate that defendants were aware of plaintiff's grievances and the latter are "too conclusory" to establish liability.  Docket No. 50 at 29-30.  Plaintiff also argues that, if the magistrate judge is correct that there are no allegations demonstrating that "any one Defendant knew that any other Defendant was depriving Plaintiff of meals/nutrition," then it must also be the case that defendants did not have the knowledge to "provide the additional foods needed to meet" minimum nutritional requirements.  Docket No. 52 at 24.  But a

defendant's inadvertent failure to compensate for deprivations caused by other staff members does not demonstrate deliberate indifference.

In summary, plaintiff's objections to the dismissal of his Eighth Amendment official-capacity claims are overruled. The Court will adopt the magistrate judge's recommendation as to these claims.[11]

### G. First and Eighth Amendment Individual-Capacity Claims

The magistrate judge determined that plaintiff was not entitled to a *Bivens* remedy for his First and Eighth Amendment claims against defendants in their individual capacities. *See* Docket No. 50 at 54-65. Specifically, the magistrate judge concluded that plaintiff's First and Eighth Amendment claims represented "new context[s]" for which there are "alterative remedies" available as well as "special factors" counseling hesitation against the creation of a *Bivens* remedy. *See id.* at 59-64. In his objection, plaintiff argues that (1) his Eighth Amendment claim does not represent a "new context"; and (2) there are no "alternative remedies" for defendants' violations of his First and Eighth Amendment rights. *See* Docket No. 52 at 28-32.[12]

As to the first argument, the Court finds that the magistrate judge correctly

---

[11]The magistrate judge recommended that plaintiff be given an opportunity to amend his Eighth Amendment claims against defendants in their official capacities. *See* Docket No. 50 at 65-66. Defendants have not objected to this recommendation, and the Court agrees with the magistrate judge that granting leave to amend is appropriate. Accordingly, plaintiff will be permitted to amend his Eighth Amendment claims against defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities, as well as his Eighth Amendment claim against defendant Ruda in her individual capacity.

[12]Plaintiff appears to concede that his First Amendment claim constitutes a "new context." *See* Docket No. 52 at 31.

applied *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017), in finding that plaintiff's Eighth

Amendment claim based on the deprivation of adequate nutrition constitutes a "new

context" for purposes of determining whether to imply a *Bivens* remedy.  *See* Docket

No. 50 at 64.  Plaintiff argues that "[t]his case has significant parallels to one of the

Court's previous *Bivens* cases, *Carlson v. Green*[, 446 U.S. 14 (1980)]."  Docket No. 52

at 26.  As the magistrate judge pointed out, however, there are several differences

between *Carlson*, which involved an Eighth Amendment claim based on defendants'

failure to provide the decedent with competent medical care for his severe asthma while

incarcerated, *see Carlson*, 446 U.S. at 16 n.1, and this case, which involves an Eighth

Amendment claim based on defendants' failure to accommodate plaintiff's dietary

restrictions.  Under *Ziglar*, "even a modest extension is still an extension," 137 S. Ct. at

1864, and courts applying the Supreme Court's decision have found Eighth

Amendment claims to constitute "new contexts" based on analogous factual differences

with *Carlson*.  *See, e.g.*, *Mercer v. Matevousian*, 2018 WL 3917969, at *4 (E.D. Cal.

Aug. 14, 2018) (finding that Eighth Amendment conditions-of-confinement claim based

on failure to provide handicap-accessible shower after plaintiff's fall arose in a "different

context" from the denial-of-medical-care claim in *Carlson*); *see also Minneci v. Pollard*,

565 U.S. 118, 131 (2012) (declining to imply a *Bivens* remedy for Eighth Amendment

denial-of-medical-care claim against personnel working at privately operated federal

prison).  Plaintiff's objection on this point is therefore overruled.

The Court further agrees that there are adequate alternative remedies for

plaintiff's First and Eighth Amendment claims.  The magistrate judge identified three

such remedies: injunctive relief, mandamus, and the BOP's Administrative Remedy

Program. *See* Docket No. 50 at 59-62. Plaintiff argues that these remedies are

insufficient because (1) injunctive relief will not remedy his past pain and suffering or

stop defendants from engaging in unconstitutional conduct in the future; (2) plaintiff has

already tried the BOP's Administrative Remedy Program to no avail; (3) the Tenth

Circuit's prisoner complaint form does not permit prisoners to select the mandamus

statute, 28 U.S.C. § 1361, as a basis for relief; and (4) mandamus does not guarantee

monetary relief and is an extraordinary remedy that may not be invoked until all other

avenues have been exhausted. *See* Docket No. 52 at 28-30. The Court finds these

arguments unpersuasive. Both the Tenth Circuit and the Supreme Court have

recognized that suits for injunctive relief and grievances filed through the BOP's

Administrative Remedy Program constitute alternative means of preventing

unconstitutional conduct in the prison context. *See Corr. Servs. Corp. v. Malesko*, 534

U.S. 61, 74 (2001); *K.B. v. Perez*, 664 F. App'x 756, 759 (10th Cir. 2016) (unpublished).

The fact that a plaintiff may not recover damages through either mechanism does not,

standing alone, render them inadequate. *See Wilkie v. Robbins*, 551 U.S. 537, 550

(2007) ("[A]ny freestanding damages remedy for a claimed constitutional violation

[based on *Bivens*] has to represent a judgment about the best way to implement a

constitutional guarantee; it is not an automatic entitlement no matter what other means

there may be to vindicate a protected interest, and in most instances we have found a

*Bivens* remedy unjustified."); *Ajaj v. Fed. Bureau of Prisons*, No. 15-cv-00992-RBJ-

KLM, 2017 WL 219343, at *3 n.8 (D. Colo. Jan. 17, 2017) (stating that alternative

remedial mechanisms "need not compensate a plaintiff with monetary damages in order to be adequate alternatives" (citing *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 862-83 (10th Cir. 2016)).[13]  And, despite plaintiff's assertions, the Court has no reason to doubt that an injunction would be sufficient to prevent defendants from engaging in unconstitutional conduct in the future – indeed, that is the very purpose of prospective relief.

The Court is also unaware of any authority establishing that a plaintiff's lack of success in the BOP's Administrative Remedy Program renders that remedy inadequate. The *Bivens* analysis appears to focus on the adequacy of remedies in the abstract rather than on a particular plaintiff's track record in pursuing relief.  *See, e.g.*, *Wilkie*, 551 U.S. at 552-53 (noting that the plaintiff had "an administrative, and ultimately a judicial, process for vindicating virtually all of his complaints" even though he had "mixed success"); *see also Ajaj*, 2017 WL 219343, at *2 & n.6 (finding that plaintiff had alternative remedies, such as filing a suit for injunctive relief or filing a grievance as part of the BOP's administrative remedy program, while noting that plaintiff had already availed himself both mechanisms).  Finally, plaintiff is incorrect that the Tenth Circuit's prisoner complaint form precludes individuals from listing mandamus as a basis for relief.  As evidenced by plaintiff's complaint in this case, the "Jurisdiction" section expressly invites prisoners to list the "additional or alternative statutes" upon which they are predicating federal jurisdiction.  *See* Docket No. 13 at 4.

In summary, the Court agrees with the magistrate judge's findings concerning

---

[13]Plaintiff's argument that the mandamus statute is inadequate because it does not allow for the recovery of damages fails for the same reason.

the availability of a *Bivens* remedy for plaintiff's First and Eighth Amendment claims. Although plaintiff does not address the magistrate judge's analysis of the "special factors" counseling against the creation of a *Bivens* remedy, those factors further support a conclusion that such a remedy should not be implied in this case. The Court will therefore adopt the magistrate judge's recommendation on this issue.

### H.  Dismissal With or Without Prejudice

For the claims that the magistrate judge recommended be dismissed with prejudice, plaintiff contends that "dismissal with prejudice is going too far."  *See* Docket No. 52 at 8, 10, 12, 16.  To the extent that plaintiff is impliedly requesting leave to amend his complaint, "[a] district court need not grant leave to amend when a plaintiff fails to make a formal motion, and an informal request to amend in response to a motion to dismiss is insufficient if it fails to give grounds for proposed amendment." *Seni v. Peterschmidt*, No. 12-cv-00320-REB-CBS, 2015 WL 849212, at *1 (D. Colo. Feb. 25, 2015) (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999)).  Here, plaintiff did not raise the issue of amendment before the magistrate judge.  Nor has he provided any specific ground for amendment other than to state, with respect to each claim, that "[p]rejudice should not attach to a dismissal when the plaintiff has made allegations which upon further investigation could raise substantial issues."  *E.g.*, Docket No. 52 at 12.  Plaintiff has had three opportunities to plead facts establishing the essential elements of his claims.  The Court has no reason to believe that giving plaintiff a fourth opportunity to amend his complaint will result in a different outcome.  Accordingly, with the exception of plaintiff's Eighth

23

Amendment claims against defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities and plaintiff's Eighth Amendment claim against defendant Ruda in her individual capacity,[14] plaintiff's claims will be dismissed with prejudice.

## IV. UNOBJECTED-TO RULINGS

As for the unobjected-to portions of the recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the unobjected-to portions of the recommendation and satisfied itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 50] is **ACCEPTED** in part and **REJECTED** in part as stated in this order. It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 32] is **GRANTED** in part and **DENIED** in part. It is further

---

[14]This list does not include those claims that are not subject to dismissal at all, either with or without prejudice.

**ORDERED** that the following claims are dismissed with prejudice: (1) plaintiff's ADA claims against all defendants in their official capacities, and against all defendants except for defendant Thomas in their individual capacities; (2) plaintiff's Equal Protection Claims against all defendants in their official capacities, and against all defendants except for defendant Thomas in their individual capacities; (3) plaintiff's First Amendment claims against defendants Saint, Boling, Harrison, Thomas, Versaw, McClendon, and Pena in their official capacities, and against defendants Saint, Boling, Harrison, Versaw, McClendon, Pena, and Ruda in their individual capacities; (4) plaintiff's First Amendment claim against defendant Ruda in her official capacity to the extent that the claim is based on conduct occurring prior to August 21, 2015; (5) plaintiff's Eighth Amendment claims against defendants Saint and Boling in their individual and official capacities; and (6) plaintiff's Eighth Amendment claim against defendant Ruda in her individual and official capacities to the extent that the claim is based on conduct occurring before August 21, 2015.  It is further

**ORDERED** that the following claims are dismissed without prejudice: (1) all claims against defendant Thomas in her individual capacity; (2) plaintiff's Eighth Amendment claims against defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities to the extent that these claims are not based on allegations that defendants failed to feed plaintiff for two days in a row on more than one occasion; and (3) plaintiff's Eighth Amendment claim against defendant Ruda in her individual capacity to the extent that the claim is based on conduct occurring on or after August 21, 2015.  It is further

**ORDERED** that plaintiff is granted leave to amend his Eighth Amendment claims against defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities, as well as his Eighth Amendment claim against defendant Ruda in her individual capacity to the extent that the claim is based on conduct occurring on or after August 21, 2015. Plaintiff shall file any third amended complaint on or before **Monday, October 29, 2018**. It is further

**ORDERED** that defendants Boling and Saint are dismissed in full from this lawsuit. It is further

**ORDERED** that defendant Thomas is dismissed from this lawsuit in her individual capacity.[15]

DATED September 28, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[15]Pursuant to this order, the following claims remain in this lawsuit: (1) plaintiff's Eighth Amendment Claims against defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities to the extent that such claims are based on allegations that defendants failed to feed plaintiff for two days in a row on more than one occasion; and (2) plaintiff's First and Eighth Amendment claims against defendant Ruda in her official capacity to the extent that those claims are based on conduct occurring on or after August 21, 2015.