IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02010-PAB-KLM

BRENT EDWARD LOVETT,

    Plaintiff,

v.

TAMMY RUDA, in her individual and official capacity as Food Service Supervisor,
CO HARRISON, in her official capacity as Corrections Officer,
CO THOMAS, in her official capacity as Corrections Officer,
CO VERSAW, in her official capacity as Corrections Officer,
CO MCCLENNON, in her official capacity as Corrections Officer, and
CO PENA, in her official capacity as Corrections Officer,

    Defendants.

---

# ORDER

---

This matter comes before the Court on plaintiff's Notice of Interlocutory Appeal and Collateral-Order Doctrine [Docket No. 65]. Plaintiff requests permission to appeal an interlocutory order, entry of final judgment, and a stay pending appeal. Docket No. 65. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff is a federal prisoner at the Florence Prison Camp ("FPC") in Florence, Colorado. Docket No. 13 at 2. He brings this lawsuit against Food Service Supervisor Tammy Ruda and several correctional officers, alleging that defendants violated his constitutional and statutory rights by failing to provide him with an adequate gluten-free diet at FPC. *See id.* at 4-7, 17-20. On September 28, 2018, the Court accepted in part and rejected in part the magistrate judge's report and recommendation on defendants' motion to dismiss, thereby dismissing several of plaintiff's claims. *See* Docket No. 57.

However, the Court granted plaintiff leave to amend his Eighth Amendment claims against defendants Harrison, Thomas, McClendon,[1] Versaw, and Pena, as well as his Eighth Amendment claim against defendant Ruda in her individual capacity to the extent that such claim was based on conduct occurring on or after August 21, 2015. *See id.* at 26. In addition, the following claims remained in the lawsuit: (1) plaintiff's Eighth Amendment claims against defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities to the extent that such claims are based on allegations that defendants failed to feed plaintiff for two or more days in a row on more than one occasion; and (2) plaintiff's First and Eighth Amendment claims against defendant Ruda in her official capacity to the extent that those claims are based on conduct occurring on or after August 21, 2015. *Id.* at 26 n.15. On October 12, 2018, plaintiff filed a notice of interlocutory appeal requesting that the Court permit plaintiff to appeal the partial dismissal of his claims, enter final judgment on the dismissed claims, and stay this matter pending appeal. *See* Docket No. 65. The United States Court of Appeals for the Tenth Circuit docketed plaintiff's interlocutory appeal on October 15, 2018. Docket No. 68. On November 2, 2018, defendants filed a response opposing plaintiff's notice. Docket No. 71.

The right to pursue an interlocutory appeal may be granted pursuant to either

---

[1] As the magistrate judge noted in the report and recommendation, defendant McClendon's name was incorrectly spelled in the second amended complaint. *See* Docket No. 50 at 2 n.4. The Court will use the correct spelling for purposes of this order.

Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b).[2]  Rule 54(b) provides in relevant part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the Court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  Entry of final judgment is appropriate under this rule only if the Court concludes (1) "that its judgment is final," and (2) that "no just reason for delay of entry of its judgment exists." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  In making these determinations, the Court considers "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (internal quotation marks and brackets omitted).

Section 1292(b) of Title 28 provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Pursuant to the terms of this statute, four criteria must be met before a district court may certify an issue for appeal: "(1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be

---

[2]Plaintiff does not identify either provision in his motion and admits that he does not know the proper procedure for requesting permission to pursue an interlocutory appeal.  *See* Docket No. 65 at 1-2.  However, the Court construes plaintiff's *pro se* filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014) (citing *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991)).

The Court finds that the relevant factors do not support entry of final judgment under Fed. R. Civ. P. 54(b). The issue under Rule 54(b) is whether plaintiff's dismissed claims are "distinct and separable from the claims left unresolved." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) (internal quotation marks omitted). This inquiry turns on

> whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

*Id.* at 827 (quoting *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)). Applying this test here, the claims plaintiff seeks to appeal are not separable from those left unresolved. All of plaintiff's claims arise out of the same underlying conduct – namely, defendants' failure to provide plaintiff with an adequate, gluten-free diet. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001) (holding that "the facts giving rise to [plaintiff's] four claims [were] so overlapping that the certification under Rule 54(b) of an order disposing of only two of the claims was error"). Many claims also involve common legal issues, including the question of whether defendants' actions violated plaintiff's rights under the First and Eighth Amendments. Thus, were the Court to enter final judgment at this juncture, the

4

Tenth Circuit would likely be presented with the same issues more than once in the event of a later appeal. *See Jordan*, 425 F.3d at 827 ("To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions . . . [or] involve common legal issues . . . .").

For similar reasons, the Court declines to grant certification under 28 U.S.C. § 1292(b). Even if plaintiff could show that the issues sought to be appealed involve a controlling question of law for which there is a substantial ground for difference of opinion, several claims remain in this lawsuit, the majority of which would not be affected by an immediate appeal. Separate appeals would therefore not "advance the ultimate termination of the litigation." *Carbajal*, 51 F. Supp. 3d at 1068.[3]

For the foregoing reasons, it is

**ORDERED** that plaintiff's Notice of Interlocutory Appeal and Collateral-Order Doctrine [Docket No. 65], which the Court construes as a request for entry of final judgment under Fed. R. Civ. P. 54(b) and/or a motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b), is **DENIED**. It is further

**ORDERED** that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Docket No. 70] is **DENIED** as moot.

DATED November 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] Because there is no final judgment from which plaintiff may appeal, his request for a stay pending appeal is denied.