IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02010-PAB-KLM

BRENT EDWARD LOVETT,

    Plaintiff,

v.

TAMMY RUDA, officially as Food Service Supervisor,
HARRISON, officially as Corrections Officer,
THOMAS, officially as Corrections Officer,
VERSAW, officially as Corrections Officer,
MCCLENNON, officially as Corrections Officer, and
PENA, officially as Corrections Officer,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Emergency Affidavit and Motion for TRO and Preliminary Injunction, Seeking Injunctive Relief Against Defendant's** [sic] [#46][1] (the "Motion"). Defendants filed a Response [#51] in opposition to the Motion. Plaintiff, who proceeds as a pro se litigant,[2] did not file a Reply. The Motion has been

---

[1] "[#46]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

-1-

referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c). *See* [#47]. Having reviewed the entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motion [#46] be **DENIED**.

**I. Summary of the Case**

At all times relevant to this lawsuit, Plaintiff has been a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Florence Prison Camp in Florence, Colorado. *Second Am. Compl.* [#13] at 2. The remaining Defendants in this matter consist of the Food Service Supervisor Tammy Ruda ("Ruda") and Correctional Officers Harrison, Thomas, Versaw, McClendon,[3] and Pena, all in their official capacities. *Id.* at 2-3; *Order* [#57] at 26 n.15.

Plaintiff suffers from celiac disease,[4] and the following constitutional claims remain in this lawsuit, all of which primarily relate to provision of his food by BOP's staff: (1) Eighth Amendment Claims against Defendants Harrison, Thomas, McClendon, Versaw, and Pena in their official capacities to the extent that such claims are based on allegations that defendants failed to feed plaintiff for two days in a row on more than one occasion, and (2) First and Eighth Amendment claims against Defendant Ruda in her official capacity to the

---

[3] Incorrectly named "McClennon" by Plaintiff in the Second Amended Complaint. *See* [#13] at 1, 3; *Motion* [#32] at 6 n.3. The correct spelling is used throughout this Recommendation.

[4] Plaintiff describes celiac disease as "a cell-mediated allergic reaction to Glutten [sic] that results in an inflammation of the lower gastro-intestinal tract." *Second Am. Compl.* [#13] at 4. "The immune system response to Glutten [sic] is immediate against the invading organisms (Glutten [sic]), which results in the bodies [sic] immune system to attack [sic] its own body tissue, which results in permanent intestinal damage or enteropathy." *Id.* "This damage permits toxins, bacteria and undigested food proteins to seep through the GI barrier and into the body." *Id.*

extent that those claims are based on conduct occurring on or after August 21, 2015.[5] *Order* [#57] at 26 n.15. As a result of these alleged violations of his civil rights, Plaintiff seeks injunctive relief requiring BOP staff in their official capacities "to provide the Gluten-Free diet as directed by the BOP Medical Department, and to cease their harassment of [Plaintiff], and order that the BOP can not relocate [Plaintiff] in an effort to avoid this action . . . ." *Id.* at 27.

Here, Plaintiff seeks a temporary restraining order and/or preliminary injunction providing him with the following relief:

(1) "An Order directing the officials to cease from retaliation towards the Plaintiff." *Motion* [#46] at 20.

(2) "An Order directing the Officials to perform a detailed individualized consideration of the Plaintiff's request for Second Chance Act placement into [a Residential Reentry Center ("RRC")], with a written detailed description of each point listed in the request, and why each point was denied, and how the consideration for RRC placement meets the factors set forth in 18 U.S.C. § 3621(b), and how these factors are equally applied at the Florence Prison Camp by each and every Team member." *Id.* (internal citation omitted).

(3) "An Order directing the Officials to provide the Meta-Data showing each staff person who viewed, entered information and or deleated [sic] information on the BOP computer system on the Plaintiff's account." *Id.*

(4) "An Order directing the Officials to provide a detailed explanation of how and who

---

[5] Plaintiff was provided with an opportunity to file a third amended complaint no later than October 29, 2018, but did not do so. *See Order* [#57] at 26.

placed the Plaintiff on and altered his filed [sic] to denote that the Plaintiff is dangerous and required to be Black-Boxed and placed into Leg-Irons upon contact and transport." *Id.*

(5) "An Order directing the Officials to correct and provide a detailed report of all of Plaintiff's good conduct, teaching, development of educational programs, tutoring, programming and all other ways that the Plaintiff has worked to improve the prison experience." *Id.*

(6) "An Order directing the Defendants to supply a copy of the Gluten Free National Menu, and provide the contact information as to the person who drafted and approved said menu." *Id.*

## II. Standard of Review

"Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)). Defendants have received notice of the Motion [#46], as indicated by the fact that they have filed a Response [#51]. Thus, the Court considers this Motion [#46] as a request for injunctive relief.

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse

to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

"Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

In general, Plaintiff seeks various orders directing Defendants and/or other BOP officials to take affirmative action and/or to change how the prison rules are applied to him. *See generally Motion* [#46]. Thus, Plaintiff seeks a preliminary injunction which would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *See Schrier*, 427 F.3d at 1261. Therefore, "the right to relief must be clear and unequivocal." *Id.* at 1258.

Additionally, the Court must consider well-established precedent that prison management functions should be left to the broad discretion of prison administrators in order to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v.*

-5-

*Fano*, 427 U.S. 215 (1976). Thus, courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).

### III. Analysis

**A.** **Injuries Unrelated to Plaintiff's Remaining Claims**

In *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010), the district court denied the plaintiff's motion for a preliminary injunction "as insufficiently related to the conduct addressed in his complaint." On appeal, the Tenth Circuit noted that a movant seeking a preliminary injunction must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). The conduct asserted in the Second Amended Complaint is the repeated denial by BOP to Plaintiff of a gluten-free diet. *See generally* [#13] at 4-16. As outlined below, the Court finds that the majority of Plaintiff's requested injunctive relief has no material relationship to the conduct underlying the remaining claims asserted in the Second Amended Complaint.

First, Plaintiff seeks "an Order directing the officials to cease from retaliation towards the Plaintiff." *Motion* [#46] at 20. That retaliation purportedly includes: (1) "[d]enial of food and fiber," (2) "[d]eleation [sic] of all of Plaintiff's good conduct and performance records," (3) "[f]ailure to pay for work performed," (4) "[p]lace[ment] on FRP refusal list and denial of shopping,"[6] (5) "[r]emoval of work assignment," (6) alteration of files "to incorrectly show

---

[6] The meaning of "FRP" is unclear from the briefs but likely means "Financial Responsibility Program." *See* BOP Administrative Regulation 5380.08.

that the Plaintiff is dangerous and required to be Black-Boxed and placed into Leg-Irons upon contact and transport," (7) "[d]enial of release from prison per the terms of the Second Chance Act and the BOP's memo's [sic] detailed herein," (8) "[r]emoval of the Plaintiff's trust funds," and (9) "[r]emoval of the Plaintiff's family members from the approved visitor list." *Id.* at 16. The Court finds that, with the exception of (1) above regarding the denial of food and fiber, Plaintiff's request for an injunctive order regarding alleged retaliation should be **denied** for failure to adequately establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251.

Second, Plaintiff seeks "[a]n Order directing the Officials to perform a detailed individualized consideration of the Plaintiff's request for Second Chance Act placement into an RRC, with a written detailed description of each point listed in the request, and why each point was denied, and how the consideration for RRC placement meets the factors set forth in 18 U.S.C. § 3621(b), and how these factors are equally applied at the Florence Prison Camp by each and every Team member." *Motion* [#46] at 20 (internal citation omitted). The Court finds that Plaintiff's request for an injunctive order regarding the RRC decision should be **denied** for failure to adequately establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251.

Third, Plaintiff seeks "[a]n Order directing the Officials to provide the Meta-Data showing each staff person who viewed, entered information and or deleated [sic] information on the BOP computer system on the Plaintiff's account." *Motion* [#46] at 20.

The Court finds that Plaintiff's request for an injunctive order regarding the alleged deletion of information in Plaintiff's BOP account should be **denied** for failure to adequately establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251.

Fourth, Plaintiff seeks "[a]n Order directing the Officials to provide a detailed explanation of how and who placed the Plaintiff on and altered his filed [sic] to denote that the Plaintiff is dangerous and required to be Black-Boxed and placed into Leg-Irons upon contact and transport." *Motion* [#46] at 20. The Court finds that Plaintiff's request for an injunctive order regarding the alleged requirement that Plaintiff be "blackboxed" and put in leg irons for transport should be **denied** for failure to adequately establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251.

Fifth, Plaintiff seeks "[a]n Order directing the Officials to correct and provide a detailed report of all of Plaintiff's good conduct, teaching, development of educational programs, tutoring, programming and all other ways that the Plaintiff has worked to improve the prison experience." *Motion* [#46] at 20. The Court finds that Plaintiff's request for an injunctive order regarding the alleged deletion of information on Plaintiff's good conduct and educational programming should be **denied** for failure to adequately establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little*, 607 F.3d at 1251.

B.  **Injuries Related to Plaintiff's Remaining Claims**

A few of Plaintiff's requests for injunctive relief could, at least arguably, be

considered to be sufficiently connected to his remaining claims. To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *See Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *See Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). As outlined below, the Court finds that Plaintiff has failed to demonstrate that he is likely to experience more than "merely serious or substantial harm." *See Heideman*, 348 F.3d at 1189.

First, Plaintiff seeks "[a]n Order directing the Defendants to supply a copy of the Gluten Free National Menu, and provide the contact information as to the person who drafted and approved said menu." *Id.* This request for relief is more suitable as a discovery request rather than as a request for a preliminary injunction, given that Plaintiff is not likely to experience more than "merely serious or substantial harm" in the absence of an order granting this relief at this time. Accordingly, the Court finds that Plaintiff's request for an injunctive order regarding this information should be **denied** for failure to demonstrate that he is likely to experience more than "merely serious or substantial harm." *See Heideman*, 348 F.3d at 1189.

Second, Plaintiff seeks an order barring retaliation in the form of denial of food and

fiber. *Motion* [#46] at 16, 20. At the outset, the Court notes that Plaintiff has not asserted any specific acts taken by Defendants Ruda, Thomas, Versaw or Pena in the Motion. In other words, there is no indication that these Defendants have continued denying food and fiber to Plaintiff, as alleged in the Second Amended Complaint.

Regarding Defendant Harrison, Plaintiff alleges that he refused to feed Plaintiff once, on November 30, 2017, since the filing of the Second Amended Complaint [#13] on September 28, 2017. *Id.* at 4. Regarding Defendant McClendon, Plaintiff alleges two additional incidents. *Id.* at 6, 8.

> On April 9, 2018, [Plaintiff] is yelled at and forced to step out of the chow line by Defendant McClendon. [Plaintiff] is singled out. The Defendant then takes [Plaintiff's] food which has been cooking for hours uncovered in the oven. The tray is thrown at [Plaintiff]. The food has been cooked into a dust powder. [Plaintiff] then tries to leave the food area without taking the tray, at which point the Defendant threatens [Plaintiff], and demands that he take the tray and throw it away. [Plaintiff] files a Request to Staff requesting help. No Response is received.

*Id.* at 6 (internal citation omitted). Plaintiff also alleges that Defendant McClendon refused to feed Plaintiff on July 17, 2018. *Id.* at 8.

The Court cannot find that the purported retaliatory actions of Defendant Harrison and Defendant McClendon rise to the level of serious or substantial harm. *See Heideman*, 348 F.3d at 1189. These allegations simply do not satisfy Plaintiff's burden of showing "that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* Although, to the extent Plaintiff's allegations are true, the Court does not condone such actions by Defendant Harrison and Defendant McClendon, the Court cannot find that three separate incidents occurring months apart on a single day each demonstrate exceptional and compelling circumstances

warranting Court intervention in prison management. *See Taylor*, 34 F.3d at 270 n.2. Accordingly, the Court finds that Plaintiff's request for an injunctive order regarding the retaliatory denial of food and fiber should, based on the information provided, be **denied** for failure to demonstrate that he is likely to experience more than "merely serious or substantial harm." *See Heideman*, 348 F.3d at 1189.

Given that the Court finds that Plaintiff has failed to demonstrate that he will suffer irreparable injury if his request for injunctive relief is denied, the Court need not analyze the three additional elements that must be established to obtain a preliminary injunction. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (noting that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief).

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#46] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 5, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge